## Pou *v.* Valdejuly et al.

## Appeal from the District Court of San Juan.

### No. 82.—Decided April 15, 1904.

OBLIGATIONS.—Unlawful acts or omissions involving any kind of fault or negligence are one of the sources of obligations.

ID.—JACTITATION—DAMAGES—INDEMNITY.—Acts which, according to the Laws of *Partidas,* give rise to the action of jactitation, may likewise create an obligation growing out of fault or negligence, but the effect of such obligation cannot be other than to compel the guilty party to repair the injury which he may have caused, by making indemnity for the damages sustained by the person who is the victim, and it is not possible to compel the guilty party to institute any action whatever against the person complaining against him, or, in case of failure to do so, to impose upon him perpetual silence.

ID.—The obligation to repair an injury, even in case it may be done by the act of the person liable, would be reduced to compensation for the damages sustained when the person liable is not able or willing to perform said act.

ID.—LIBEL.—All civil actions maintained in consequence of any defamation or act tending to throw discredit, dishonor or contempt upon a person, are actions for libel, and the effect thereof is none other than the pecuniary compensation of the party aggrieved.

ID.—The act of a party in setting forth in a judicial act certain facts which he qualifies as defamatory, and those which he inserts "for legal purposes, which he reserves," does not imply jactitation of any kind, nor does it in any way offend or injure the reputation and credit of the person to whom the commission of such acts is imputed.

### STATEMENT OF THE CASE.

This is a declaratory action for jactitation, instituted in the District Court of San Juan by Rafael Pou y López de Victoria, who is engaged in industrial pursuits and is a resident of this city, as plaintiff, represented by his attorney, Rafael López Landrón, against Tomás Valdejuly y Calatraveño, Rafael Gutiérrez del Arroyo and José Oller, residents of Bayamón, as defendants, who have not appeared in this court notwithstanding they were cited and summoned; which case is pending before us on an appeal prosecuted by the plain-

autos pendientes ante nos á virtud de apelación interpuesta por el demandante contra la sentencia pronunciada por el referido Tribunal de Distrito, la que copiada literalmente dice así:

"*Sentencia.*—En la ciudad de San Juan de Puerto Rico, á los diez y ocho días del mes de Julio de mil novencientos tres.

Visto en juicio oral y público este pleito seguido entre partes de la una, como actora, Don Rafael R. Pou y López de Victoria, industrial, vecino de San Juan, y de la otra como demandados Don Tomás Valdejuly y Calatraveño, Don Rafael Gutiérrez del Arroyo y Don José Oller, vecinos de Bayamón, defendido y representado el primero por el Letrado Don Rafael López Landrón, y los demás por el Letrado Don Eduardo Acuña Aybar, sobre jactancia.

1°. *Resultando*: que en 18 de Noviembre presentó el Letrado Don Rafael López Landrón á nombre del Sr. Pou demanda contra los expresados Valdejuly, Gutiérrez y Oller solicitando que se les condenara á formalizar, dentro del plazo perentorio que al efecto se les fijara, contra su defendido, todas las acciones de que se creyeran asistidos, ó en otro caso se les condenara á perpetuo silencio é indemnización de perjuicios con el pago de las costas; demanda que fundó, en cuanto á Valdejuly en el hecho de haber consignado en acta levantada por el Juez Municipal de Bayamón á requerimiento de dicho Valdejuly y en presencia de Pou la frase siguiente: "que considerando la referida nota altamente injuriosa á su personalidad porque ponía en tela de juico su reputación como notario, requería al juez para hacer constar los hechos  * \* \* \* cuya nota, que dejó el Sr. Pou al escribiente del Sr. Valdejuly despues de examinar los protocolos de 1896 y 1897 en la notaría, decía á la letra: "Palabras textuales del testamento de Doña Belén. Han sido pagados todos los bienes de Don Pedro del Arroyo con la mitad de la finca de Pueblo Viejo. Estas palabras que leí en el anterior documento no las encuentro en el de hoy. Rafael R. Pou;" y en cuanto á los demás demandados, en el hecho de haber dirigido cartas Oller á Gutiérrez del Arroyo y éste á su hermana Doña Dolores, tía de Doña Felicia, por cuyo encargo Pou examinó los protocolos del Notario de Bayamón, en las que anunciaba consecuencias desagradables en que había de sonar el nombre de la Srta. Fernández, por tratarse de un asunto enojoso de un caballero extremadamente susceptible, cuyas alusiones, amenazas embozadas molestan y perjudican al Sr. Pou; alegando

tiff from the judgment rendered by the said district court, which reads as follows:

"Judgment.—In the city of San Juan, Porto Rico, the 18th day of the month of July, 1903.

"An oral and public trial was held of this action of jactitation, instituted by Rafael R. Pou y López de Victoria, who is engaged in industrial pursuits and is a resident of San Juan, as plaintiff, against Tomás Valdejuly y Calatraveño, Rafael Gutiérrez del Arroyo, and José Oller, residents of Bayamón, as defendants, the former of whom is represented by Attorney Rafael López Landrón, and the other defendants by Attorney Eduardo Acuña Aybar.

"On the 18th day of November Attorney Rafael López Landrón, on behalf of Pou, instituted an action against the said Valdejuly, Gutiérrez and Oller, praying that they be ordered to prosecute against his client, within the peremptory period fixed for that purpose, all the actions which they believed to exist in their favor, or otherwise that they be enjoined to perpetual silence and adjudged to make compensation in damages, together with the payment of costs. This action, as regards Valdejuly, was based on the fact that the following words were inserted in an act drawn up by the municipal judge of Bayamón at the instance of Valdejuly, and in the presence of Pou: 'that considering the said memorandum grossly derogatory to his character, inasmuch as it drew into question his reputation as a notary, he called upon the judge to enter the facts of record . . . .' which memorandum, which was left by Pou with the clerk of Valdejuly after examining the protocols for 1896 and 1897 on file in the notarial office, read as follows: 'Textual words of the will of Belén. All the property of Pedro del Arroyo has been paid for with the one-half of the estate of Pueblo Viejo. These words which I read in the former instrument I am unable to find in the instrument of this date. Rafael R. Pou;' and the action as regards the remaining defendants was based upon the fact that Oller addressed letters to Gutiérrez del Arroyo, and the latter to his sister Dolores, the aunt of Felicia, by whose direction Pou examined the protocols of the Bayamón notary, in which he announced disagreeable consequences in which the name of Miss Fernández would be bandied about, it being a vexatious affair of an extremely sensitive gentleman, all of which allusions, veiled threats, etc., molest and

como fundamentos de derecho los artículos 1089, 1088, 1903 y 1902 del Código Civil.

2° *Resultando* : que conferido traslado de la demanda á los demandados, la contestó el Letrado Don Antonio Alvarez Nava dentro del término legal, exponiendo como hechos en lo sustancial, que Pou al examinar el protocolo manifestó verbalmente á Otero, oficial de la notaría Valdejuly, que el testamento que había examinado no era el mismo de los días anteriores, dejando á dicho oficial la nota de que se ha hecho mérito para entregarla al Señor Valdejuly ; que estimando Valdejuly calumniosas las manifestaciones de Pou, levantó el acta referida con el fín de proceder, si así lo estimaba conveniente, contra Pou por el delito de calumnia ; y que los demás demandados escribieron cartas á Doña Dolores Fernández del Arroyo, oficiosamente y sin intervención de Valdejuly, participándole que temían que éste se querellara contra Pou y que sería conveniente le hablasen para que desistiera de su propósito ; alegando como derecho el ser inaplicable al caso la ley 46, título 2, partida 3, que establece para otros casos la llamada acción de jactancia, y la inaplicación alcaso del artículo 1089 del Código Civil.

3°. *Resultando* : que el actor propuso prueba de confesión de los demandados, documentos públicos, documentos privados y testifical, y los demandados confesoria, documentos públicos y de testigos.

4°. *Resultando* : de la prueba del actor que se unió á los autos el acta judicial de que se ha hecho mérito en los precedentes resultandos, apareciendo de la misma que en efecto Valdejuly consignó en dicho documento las frases siguientes :    "El papel del Sr. Pou contiene una injuria contra el dicente por más que haya tratado de atenuarla.   El dicente no desea prorrogar por más tiempo este acto y para corroborar todo cuanto deja expuesto á los efectos legales que para si reserva, suplica al juzgado proceda al cotejo de la copia que en este acto presenta de dicho testamento (el otorgado por Doña Belén Umpierre en 27 de Septiembre de 1877 por poder de su marido Don Ramón Gutiérrez del Arroyo) con su escritura matriz.

5°. *Resultando* : que los testigos del demandado, Juan Otero, José María Serra y Doña Felicia Fernández declararon, el primero, haber presenciado el otorgamiento de la repetida acta judicial, sin haber oido jactarse á Valdejuly ni á nadie de que van á hacer algo

injuriously affect Pou.    Articles 1088, 1089, 1902 and 1903 of the Civil Code were cited as grounds of law.

"The complaint having been referred to the defendants for examination, Attorney Antonio Alvarez Nava made answer thereto within the legal period, alleging as facts, substantially, that Pou, upon examining the protocol, stated verbally to Otero, a clerk of the notarial office of Valdejuly, that the will which he had examined was not the same as the one of other days, and left with said clerk the memorandum referred to, to be delivered to Valdejuly; that Valdejuly, being of the opinion that the statements of Pou were calumnious, drew up the said act for the purpose of proceeding, should he consider it advisable, against Pou for the crime of calumny; and that the other defendants wrote letters to Dolores Fernández del Arroyo, officiously and without the intervention of Valdejuly, informing her that they were afraid that the latter would make a complaint against Pou, and that it would be advisable to talk to him to cause him to desist from his purpose.    The answer set up, as matter of law, the inapplicability of law 46, title 2, *partida* 3, which establishes the so-called action of jactitation for other cases, and the inapplicability to the case of article 1089 of the Civil Code.

"The plaintiff proposed as evidence the confession of the defendants, public documents, private documents and the testimony of witnesses, while the defendants proposed as evidence confession, public documents and the testimony of witnesses.

"It appears from the plaintiff's evidence that the judicial act referred to in the foregoing findings of fact was attached to the record of the case, and that, in effect, Valdejuly inserted in said document the following words: 'The paper of Mr. Pou contains an insult against the declarant, no matter how much he has tried to mitigate it.    The declarant does not wish to defer this act any longer, and in order to corroborate everything above stated for legal purposes, which he reserves to himself, he requests the court to proceed to make a comparison of the copy which he presents in this proceeding of said will (the one executed by Mrs. Belén Umpierre on September 27, 1877, by authority of her husband, Ramón Gutiérrez del Arroyo) with the original instrument.'

"The first of the witnesses for the defendant, namely, Juan Otero, José María Serra and Felicia Fernández, testified that he was present at the execution of the said judicial act without having heard Valdejuly or anyone else boast that he was going to do something

al Sr. Pou; el segundo, sobre referencia que le hizo Pou de las discrepancias que motivaron la nota referida; y la tercera, que comisionó á Pou para la busca del testamento de sus abuelos y que Valdejuly y Gutiérrez del Arroyo se han jactado de que van á hacer y á acontecer al Señor Pou, y que sostiene con Gutiérrez pleito y ha denunciado criminalmente á Valdejuly, siendo sobrina del primero.

6°. *Resultando*: que las demás pruebas propuestas de confesión del actor y demandados, reconocimiento de documentos privados y testamento otorgado por Doña Belén Umpierre, y declaraciones de los testigos Andino, Vizcarrondo y Doña Dolores Gutiérrez, dejaron de practicarse por renuncia de las partes.

7°. *Resultando*: que celebrado el juicio oral en esta causa civil. cada parte alegó lo que á su derecho convino, dictándose sentencia en audiencia pública con citación de aquellas.

8°. *Resultando*: que en la tramitación de este juicio se han observado las formalidades legales.

Siendo Ponente el Juez Asociado Don José Tous Soto.

1°. *Considerando*: que siendo una de las fuentes de las obligaciones los actos ú omisiones ilícitas en que intervenga cualquier género de culpa ó negligencía, pueden engendrar una obligación de esta índole todos los actos que según ley 46, título 2, partida 5 dan lugar á la acción de jactancia, si los actos realizados por el jactancioso atribuyéndose derechos contra el demandado, causan á éste un daño que debe ser reparado, de conformidad con el artículo 1803 del Código Civil; pero el efecto de tal obligación no puede ser otro que óbligar al jactancioso á reparar el daño causado, indemnizando el perjuicio sufrido por la persona que es víctima de la jactancia, que es el efecto de toda obligación nacida de culpa ó negligencia, sin que pueda pretenderse con éxito que tal efecto se extienda á compeler obligado por el acto ilícito de jactancia á interponer demanda contra su demandante en un plazo perentorio y en caso de no verificarlo reducirlo á perpetuo silencio como determina la ley de partidas, en este punto deregada por el Código Civil de 1889.

2°. *Considerando*: que no puede pretenderse que la reparación del daño causado por el jactancioso tenga lugar obligando á éste á demandar á la persona de quien se jactó ó condenándole, si no lo

to Pou; the second as to the statement made to him by Pou as to the discrepancies which gave rise to the memorandum in question; and the third testified to the effect that she had commissioned Pou to make a search for the will of her grandparents, and that Valdejuly and Gutiérrez del Arroyo boasted that something was going to happen to Pou, and that she was engaged in a law suit with Gutiérrez and has proceeded criminally against Valdejuly, she being a niece of the former.

"The other evidence proposed, namely, that of confession of the plaintiff and defendants, acknowledgment of private documents and the will executed by Belén Umpierre, and the testimony of the witnesses Andino, Vizcarrondo and Dolores Gutiérrez, was not taken owing to the waiver of the parties.

"The oral trial of this civil cause having been held, each of the parties alleged such matters as were conducive to his rights, and judgment was rendered at a public session of the court after citing said parties.

"The legal formalities have been complied with in the conduct of this case.

"The opinion of the court was prepared by Judge José Tous Soto, as follows:

"Inasmuch as unlawful acts or omissions involving any kind of fault or negligence are one of the sources of obligations, all acts which, according to law 46, title 2, *partida* 5, give rise to the action of jactitation, may create an obligation of this character, provided the acts of the guilty party, by claiming rights against the defendant, cause an injury to the latter which may be repaired in conformity with article 1803 of the Civil Code; but the effect of such obligation cannot be other than to compel the guilty party to repair the injury caused, by making indemnity for the damages sustained by the person who is the victim of the jactitation, which is the effect of all obligations growing out of fault or negligence, and it cannot be successfully contended that such effect extends to compel the person who is guilty of the unlawful act of jactitation to institute an action against the person complaining against him, within a peremptory period, and, in case of his failure to do so, to impose upon him perpetual silence as prescribed by the Laws of *Partidas,* which in this respect have been repealed by the Civil Code of 1899.

"It cannot be contended that reparation of the injury caused by the guilty party would be proper and that he should be compelled to institute suit against the person of whom the defamatory words

verificare, á perpetuo silencio, pues aparte de que ninguno de estos medios es adecuado á reparar un daño causado en la reputación, honor ó crédito de una persona por jactancia de otro, la obligación de reparar un daño, aún en el caso de que pueda serlo mediante un acto del obligado á la reparación, tendría que traducirse en la indemnización del perjuicio sufrido si el obligado no puede ó no quiere realizar dicho acto, conforme á las reglas que rigen el cumplimiento de las obligaciones de hacer.

3°. *Considerando*: de otra parte que toda acción civil que se ejercite á consecuencia de cualquier difamación ó acto tendente á desacreditar, deshonrar ó menospreciar al demandante, debe hacerse valer de conformidad con la Ley de la Asamblea Legislativa autorizando pleitos civiles por daños y perjuicios ocasionados por libelo y calumnia, vigente desde 19 de Febrero de 1902, fecha anterior á los hechos que sirven de fundamento á la demanda, y según dicha ley, la acción de libelo no produce otro efecto que una indemnización pecuniaria al perjudicado.

4°. *Considerando*: que aparte la cuestión legal discutida en los considerandos precedentes sobre los efectos de la acción que se ejercite por jactancias perjudiciales á la honra ó crédito del actor, en el caso presente no existe prueba ni indicio alguno de que los demandados se jactaran de tener ningún derecho sobre la persona ó bienes del actor ni de cosa alguna que redundar pudiera en deshonra, menosprecio ó descrédito de dicho demandante, pues el acto de Valdejuly haciendo consignar en un acta judicial determinados hechos que califica de injuriosos "para los efectos legales que se reserva", no significa jactancia de ningún genéro ni puede ofender ni dañar en modo alguno la reputación y crédito del demandante, aún en el supuesto de que se hubiera manifestado claramente la intención de Valldejuly de querellarse contra Pou, pues la reserva de un derecho por quien cree tenerlo jamás puede lastimar el derecho de otro; y en cuanto á los demás demandados, el hecho de escribir el uno al otro y éste á la Sra. tía de la Señorita Gutiérrez del Arroyo, anunciándole el propósito de Valdejuly de querellarse contra Pou, no puede arguir jactancia de clase alguna.

5°. *Considerando*: que la parte cuyas pretensiones se desestimaren en absoluto debe ser condenada en costas.

Vistas las disposiciones legales citadas y los artículos 1056, 1055, 1803 y 1065 del Código Civil y los de aplicación de la Ley de En-

were employed, for apart from the fact that none of these means is adequate to compensate for the injury caused to the reputation, honor or credit of a person by the jactitation of another, the obligation to repair an injury, even in case it may be done by the act of the person liable would reduce itself to compensation for the damages sustained when the person liable is not able or willing to perform said act, in accordance with the rules governing the performance of unfulfilled obligations.

"On the other hand, all civil actions maintained in consequence of any defamation or act tending to throw discredit, dishonor or contempt upon the plaintiff should be prosecuted in conformity with the act of the Legislative Assembly authorizing civil actions to recover damages for libel and slander, which has been in force since February 19, 1902, a date prior to the occurrence of the facts which serve as the basis of the complaint, and according to said act, the action for libel produces no other effect than the pecuniary compensation of the injured party.

"Apart from the legal question considered in the foregoing conclusions of law as to the effect of an action brought for jactitation prejudicial to the honor or credit of the plaintiff, there is no evidence or indication whatever in the instant case tending to show that the defendants boasted of having any right over the person or property of the plaintiff, or of any other thing which could redound to the dishonor, contempt or discredit of said plaintiff, since the act of Valdejuly, in setting forth in a judicial act certain facts which he qualifies as defamatory 'for legal purposes, which he reserves,' does not imply jactitation of any kind, nor can it in any way offend or injure the reputation and credit of the plaintiff, even upon the hypothesis that the intention of Valdejuly to make a complaint against Pou had been clearly manifested, since the reservation of a right by a person believing himself entitled thereto can never injure the rights of another; and as to the other defendants, it cannot be argued that the fact that one wrote to the other, and that the other wrote to the aunt of Miss Gutiérrez del Arroyo informing her of the intention of Valdejuly to make a complaint against Pou, constitutes jactitation of any description whatever.

"The parties whose claims are totally rejected should be adjudged to the payment of costs.

"Having examined the legal provisions cited, articles 1055, 1056, 1065, and 1803 of the Civil Code, the applicable articles of the Law

juiciamiento Civil y Orden General 118, serie de 1899, *Fallamos*: que debemos declarar y declaramos sin lugar esta demanda de jactancia é indemnización de daños y perjuicios, con las costas al actor.—Así por esta nuestra sentencia, definitivamente juzgando, lo pronunciamos, mandamos y firmamos."

"*Resultando*: que contra esta sentencia interpuso apelación la representación del demandante Don Rafael R. Pou y Lopez de Victoria la que le fué admitida libremente y en ambos efectos, y que elevados los autos á esta Superioridad con citación y emplazamiento de las partes, y personada la apelante, se dió al recurso la tramitación correspondiente y se señaldó día para la vista, cuyo acto se celebró con asistencia del abogado defensor de la parte apelante.

Abogado del apelante: *Sr. López Landrón.*

Las partes apeladas no han comparecido.

EL JUEZ PRESIDENTE, SR. QUIÑONES, después de exponer los hechos anteriores, emitió la opinión del Tribunal.

*Aceptando* los fundamentos de hecho y de derecho de la sentencia apelada.

*Vistas* las disposiciones legales que en la misma se citan.

*Fallamos*: que debemos confirmar y confirmamos la referida sentencia con las costas á la parte apelante; y remítase copia certificada de esta sentencia al Tribunal Inferior, devolviéndosele los autos.

Jueces concurrentes: Sres. Hernández, Figueras, Sulzbacher y MacLeary.

---

ARRIETA *v.* CORUJO.

APELACIÓN procedente de la Corte de Distrito de Arecibo.

No. 84.—Resuelto en Abril 15, 1904.

COSTOS.—Fallado un juicio sin especial condenación de costas, los gastos sufragados por ambos colitigantes son de cuenta de aquel en cuyo nombre se

of Civil Procedure, and General Order No. 118, series of 1899, we adjudge that we ought to declare and do declare that the complaint for jactitation and for the recovery of damages does not lie, with costs against the plaintiff.

"Thus by this our judgment, finally adjudging, do we pronounce, order and sign."

From this judgment counsel for the plaintiff, Rafael R. Pou y López de Victoria, took an appeal, which was freely allowed both for a review and a stay of proceedings, and the record having been forwarded to this court, the parties having been cited, and the appellant having appeared, the appeal was properly conducted and a day set for the hearing, which was duly held, counsel for the appellant being present.

*Mr. López Landrón,* for appellant.

The respondents did not appear.

MR. CHIEF JUSTICE QUIÑONES, after stating the foregoing facts, delivered the opinion of the court.

The findings of fact and conclusions of law of the judgment appealed from are accepted.

Having examined the legal provisions therein cited, we adjudge that we ought to affirm and do affirm said judgment, with costs against the appellant. A certified copy of this judgment is ordered to be sent to the court below, together with the return of the record.

Justices Hernández, Figueras, Sulzbacher and MacLeary concurred.